BEFORE THE SECOND DIVISION, SEPTEMBER 22, 1943

**No. 48796.**—Protest 10329–K of Geo. S. Bush & Co., Inc. (Portland, Oreg.).

Opinion by TILSON, J.   Several witnesses were called by the plaintiff but the evidence was found insufficient to show that the merchandise is not wire rope. It also appeared that said merchandise is excluded from the proviso to paragraph 1604.   The appraiser made no special report and the collector gave no information concerning his classification, but upon the invoice appeared the words "wire rope" in red ink and, following *United States* v. *Bullocks* (24 C. C. P. A. 41 and 25 id. 381), it was assumed that the words in red ink were written by the examiner of merchandise and that it is the collector's classification.   On the record presented all claims of the plaintiff were overruled.

**No. 48797.**—Protest 66944–K of R. Haber Linen Import Co.   (Los Angeles).

Opinion by TILSON, J.   The contention of the plaintiff is based solely upon the construction to be given the proviso to paragraph 1529 (b) when read in connection with the said trade agreement, and that the additional duty of 1 cent each upon the handkerchiefs is not applicable to the handkerchiefs herein because they were assessed under the said trade agreement (T. D. 48093) which does not contain any language levying additional duty of 1 cent each upon handkerchiefs if made with hand-rolled or handmade hems.   At the trial counsel for the respective parties agreed that the merchandise consists of handkerchiefs composed wholly or in chief value of cotton and that they are not hand embroidered, nor do they contain handmade lace, but do have a rolled hem.   It was noted that schedule II of said agreement does not enumerate or describe therein handkerchiefs "made with hand-rolled or handmade hems," and that there is, therefore, no prohibition in said article II of said agreement against the imposition of the additional duty of 1 cent each upon handkerchiefs made with hand-rolled or handmade hems, or, in other words, article II specifically limits the prohibition against any other or higher duty than therein specified to those articles enumerated or described in schedule II.   Since the handkerchiefs in this case are not enumerated or described in schedule II, the language of said article II cannot be construed as a prohibition against the assessment of 1 cent additional upon these handkerchiefs.   The claim of the plaintiff was therefore overruled.

**No. 48798.**—Protest 89687–K of Ely & Walker Dry Goods Co. (St. Louis).

Opinion by TILSON, J.   The record upon which this case was submitted showed that certain items consist of artificial flowers similar in all material respects to those the subject of *Robinson-Goodman Co.* v. *United States* (17 C. C. P. A. 149, T. D. 43473) and the record therein was admitted in this case.   Upon the established facts and the cited case certain of the merchandise in question was held dutiable at 60 percent under paragraph 1419 as claimed.   Protest sustained to this extent.